**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRIS GANT,              )<br>                                       )<br>     Plaintiff,                    )<br>                                       )     No. 17 C 3606<br>     v.                              )<br>                                       )     Judge Ronald A. Guzmán<br>NANCY A. BERRYHILL, Deputy )<br>Commissioner for Operations, performing )<br>the duties and functions not reserved to )<br>the Commissioner of Social Security,     )<br>                                       )<br>     Defendant.                  ) | |

## MEMORANDUM OPINION AND ORDER

Chris Gant filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying his application for benefits. The parties filed cross-motions for summary judgment. For the reasons set forth below, the Court grants Gant's motion, denies the government's motion, and reverses the SSA's decision.

## BACKGROUND

Plaintiff applied for disability and disability insurance benefits as well as supplemental security income benefits on March 8, 2013, alleging a disability onset date of July 1, 2005. His applications were denied initially on September 10, 2013 and on reconsideration on May 6, 2014. Thereafter, he requested a hearing. An Administrative Law Judge ("ALJ") conducted a hearing on March 21, 2016 and heard the testimony of plaintiff and an impartial vocational expert. (R. 66-101, Tr.) On May 16, 2016, the ALJ denied plaintiff's applications. (R. 15-34.) The Appeals Council denied review on March 10, 2017 (R. 1-6), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court under 42 U.S.C. § 405(g). *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017).

# DISCUSSION

The reviewing court may enter a judgment "affirming, modifying, or reversing" the final decision of the Commissioner of Social Security, "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence"; it may not reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute its own judgment for that of the Commissioner. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004); *see also Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("Our review is limited to the reasons articulated by the ALJ in h[is] decision."). Evidence is considered "substantial" if a reasonable person would accept it as adequate to support the conclusion. *Young*, 362 F.3d at 1001. In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013). Although the Court's standard of review is deferential, it is "not entirely uncritical," and the case must be remanded where the decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review," *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002), or where an ALJ ignores an entire line of evidence, *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012).

The Social Security regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether he has a severe physical or mental impairment or combination of impairments; (3) if so, whether his impairment meets or equals an impairment listed in the regulations; (4) if not, whether he has the residual functional capacity

("RFC") to perform his past relevant work; and (5) if not, whether he can perform any other work existing in significant numbers in the national economy. *Id.*; *Skinner v. Astrue*, 478 F.3d 836, 844 n.1 (7th Cir. 2007). "The burden of proof is on the claimant through step four; only at step five does the burden shift to the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 20.) At step two, the ALJ determined that plaintiff has the severe impairments of spine disorder, right knee degenerative joint disease, and obesity. (R. 20-24.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 24-25.) At step four, the ALJ determined that plaintiff has the RFC to "perform light work as defined in 20 C.F.R. [§] 404.1567(b) and [§] 416.967(b)" except that he "can climb no ladders, ropes, or scaffolds; kneel; or crawl. He can do occasional stooping, crouching, and climbing ramps and stairs. He can frequently balance," and the ALJ concluded that plaintiff is capable of performing his past relevant work as a radiology technician. (R. 25-30.) Accordingly, the ALJ determined that plaintiff is not disabled. (R. 30.)

Plaintiff first contends that the ALJ erred by failing to consider in the RFC assessment all of plaintiff's physical and mental limitations. The RFC

> is the maximum that a claimant can still do despite his mental and physical limitations. It is based upon the medical evidence in the record and other evidence, such as testimony by the claimant or his friends and family. The ALJ is required to determine which treating and examining doctors' opinions should receive weight and must explain the reasons for that finding.
> When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." Mental limitations must be part of the RFC assessment, because a limited ability to carry out certain mental activities, such as limitations

in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce a claimant's ability to do past work and other work.

*Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (certain internal punctuation and citations omitted) (citing, *inter alia*, 20 C.F.R. §§ 404.1545(a)(1)-(3), (b), (c), 404.1527(d), (f)).

In explaining the basis for the RFC, the ALJ listed and discussed plaintiff's alleged physical symptoms and impairments. But, says plaintiff, the ALJ "did not even mention" plaintiff's medically-determinable mental impairments.[1] Plaintiff is correct. While the ALJ discussed the medical source statement of one of plaintiff's treating physicians, Jeffrey Ryan, M.D. (with respect to plaintiff's physical symptoms, pain, and the effect of the pain on his concentration and attention), he did not mention or otherwise consider in the RFC analysis the opinion of the psychiatric consultative examiner, Henry K. Fine, M.D. (R. 1142-47.) Dr. Fine met with plaintiff and reviewed plaintiff's medical and psychiatric records from his care at the Department of Veterans Affairs hospital. In the "Summary and Diagnosis" section of his opinion, Dr. Fine diagnosed plaintiff with paranoid personality disorder. (R. 1146.) He noted that plaintiff gave a "long[,] rambling, often vague history" and that plaintiff exhibited "paranoid ideation and some immediate memory deficit." (R. 1146.) The ALJ failed to address this opinion in the RFC assessment.

As explained above, mental impairments, even if not deemed "severe," must be considered in the RFC assessment; here, they were not. That was error that warrants remand. *See Craft*, 539 F.3d at 677-78; *see also Young*, 362 F.3d at 1001 (citing 20 C.F.R. §

---

[1]Plaintiff also complains that the ALJ failed to account for all of his physical limitations in the RFC assessment because he did not discuss limitations in plaintiff's upper extremities or plaintiff's use of a cane. The ALJ, however, did consider within the RFC assessment plaintiff's use of a cane as well as his strength, sensation, and range of motion in his extremities. (R. 25-28.)

404.1545(a)(1)) ("The RFC must be assessed based on all the relevant evidence in the record."). The government points out that earlier in the decision, the ALJ mentioned Dr. Fine's examination and that plaintiff was "noted for some paranoia," and it contends that Dr. Fine's examination was factored into the RFC assessment because the ALJ "did discuss the findings of the state-agency medical consultants, both of whom reviewed Dr. Fine's exam and both of whose opinions were given great weight." (ECF No. 19, Gov't's Mem. Supp. Mot. at 6.) But within the RFC assessment, the ALJ discussed only the consultants' opinions about plaintiff's physical limitations; although the consultants concluded that plaintiff has the medically-determinable mental impairments of affective disorder and personality disorder, the ALJ failed to mention those disorders when formulating the RFC. The Court is unable to find harmless error where it is unclear that the ALJ was adopting the consultants' conclusions about plaintiff's mental impairments, or even considering the mental impairments.

Plaintiff also challenges the ALJ's treatment of a portion of Dr. Ryan's opinion. The ALJ gave "great weight" to most of Dr. Ryan's opinion (which pertained to plaintiff's foot and back pain), but gave "little weight" to Dr. Ryan's opinion that plaintiff's pain "often" affects his concentration and attention. (R. 29.) The ALJ reasoned that "the term 'often' is vague" because it "does not indicate how frequently [plaintiff's] pain would be affected or how severely his attention would be impaired." (R. 29.) Plaintiff asserts that the ALJ failed to "fulfill his duty to even attempt to recontact Dr. Ryan for clarification." (ECF No. 8, Pl.'s Mem. Supp. Mot. at 11.) The issue does not appear to be a key point that is vital to the outcome of this case, but the lack of follow-up with Dr. Ryan is another instance in which the ALJ gave short shrift to the mental aspects of the RFC. On remand, the ALJ should seek clarification of the matter.

In addition, plaintiff argues that the ALJ had "a propensity to disbelieve" plaintiff and erred by failing to find plaintiff disabled "under Medical Vocational Grid Rules 201.06 or 202.06." (Pl.'s Mem. Supp. Mot. at 9, 11-12.)  The Court need not address these issues given that the need for remand already exists.

## CONCLUSION

The Court finds that the ALJ improperly evaluated plaintiff's residual functional capacity.  Therefore, the Court grants plaintiff's motion for summary judgment [7], denies defendant's motion for summary judgment [18], reverses the SSA's decision, and remands this case for further proceedings.  Civil case terminated.

**DATE**:  December 4, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**